**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of: | No. CIV 05-0126-PHX-SMM |
| ROBERT RANSOM HORTON, | No. BK 03-15574-PHX-GBN |
| Debtor. | BAP No. AZ-04-1635 |
| | **ORDER** |
| ROBERT RANSOM HORTON, | |
| Appellant/Cross-Appellee, | |
| vs. | |
| PAUL F. GLENN, et al., | |
| Appellees/Cross-Appellants. | |

Pending before the Court is both the Debtor's and Creditor's cross appeals from the Order issued by the Bankruptcy court on December 14, 2004. After consideration of the arguments advanced by the parties, the Court finds that oral argument is unnecessary, and proceeds to make the following ruling.

**BACKGROUND**

On December 2, 2004, the Bankruptcy Court entered an interim order announcing its intent to convert this case to a Chapter 7 proceeding unless the Debtor moved to dismiss the case within 10 days. On December 14, 2004, the Bankruptcy Court issued its Findings of Fact, Conclusions of Law and Final Order that did in fact order the case to be converted to a

1 Chapter 7 proceeding unless the Debtor dismissed the case within 10 days.  On December
2 17, 2004, Debtor filed a Motion to Dismiss his Chapter 13 case as well as a Notice of
3 Appeal from the Bankruptcy Court's Order dated December 14, 2004.  On December 27,
4 2004, the Glenn Creditors filed a Motion to Alter or Amend Judgment.  On January 14,
5 2005, the Glenn Creditors also filed a cross appeal.  On February 15, 2005, the Bankruptcy
6 Court granted Glenn Creditors' request that the dismissal shall be made with prejudice but
7 otherwise denied their Motion to Amend.

8 On July 6, 2005, this Court denied the Debtor's Motion for a Stay Pending Appeal
9 [Doc. No. 18] and on September 12, 2005, this Court issued an Order [Doc. No. 32] in
10 which it found:

> [T]he issue of voluntary dismissal may be dispositive of this appeal, and therefore, the Court finds that this appeal shall be bifurcated into two stages, each with separate briefing schedules.  The first stage shall address whether the Debtor may voluntarily dismiss his case, and if so, the terms of the dismissal.  After the first stage is fully briefed and argued, the Court will make a ruling that either (1) upholds the decision of the bankruptcy court and permits the Debtor to voluntarily dismiss his case, or (2) reverses the decision of the bankruptcy court and mandates immediate conversion to Chapter 7 without affording the Debtor the opportunity to voluntarily dismiss his case.  Further, if the bankruptcy court order is upheld and the Debtor is granted the opportunity to voluntarily dismiss within a prescribed time period but elects not to, the matter will be converted to Chapter 7 in accordance with the bankruptcy court order. Accordingly, the parties face three possible scenarios after the conclusion of the first stage: (1) the Debtor is granted the opportunity to voluntarily dismiss his case and chooses to do so, thereby dismissing both the underlying case and both appeals; (2) the Debtor is granted the opportunity to voluntarily dismiss his case and chooses not to do so, which would result in conversion to Chapter 7 and the beginning of the second stage of the appeal (where all remaining appellate claims would be addressed); or (3) the Debtor is denied the opportunity to voluntarily dismiss his case, and thereby this matter would be converted to Chapter 7 and enter the second stage.

## STANDARD OF REVIEW

The district court reviews the bankruptcy court's orders as an appellate court.  See 28 U.S.C. § 158; see In re Siegel, 105 B.R. 556, 559 (D. Ariz. 1989).  The bankruptcy court's conclusions of law are reviewed *de novo*, while its findings of fact are reviewed under a clearly erroneous standard.  See In re Tuma, 916 F.2d 488, 490 (9th Cir. 1990).

# DISCUSSION

Based on this Court's Order dated September 12, 2005 [Doc. No. 32] the following issues are now properly before the Court:

1) Whether a Chapter 13 debtor has an absolute right to voluntarily dismiss a case pursuant 11 U.S.C. § 1307(b) even where the Bankruptcy Court has made a finding of bad faith.

2) Whether the Bankruptcy Court properly amended its Order dated December 14, 2004 under Rule 52(b) and Rule 59(e) to specify that the dismissal shall be with prejudice.

**I.** *Propriety of Voluntary Dismissal*

The Glenn Creditors assert that voluntary dismissal is inappropriate in light of the Bankruptcy Court's finding of bad faith and that this case should be converted to a Chapter 7 proceeding under Section 1307(c). The Debtor, however, contends that it has an absolute right to voluntarily dismiss his case under Section 1307(b).

Accordingly, the first issue before the Court hinges on the interplay of these two subsections of Section 1307.

Section 1307(b) provides:

> On request of the debtor *at any time*, if the case has not been converted under Section 706, 1112, or 1208 of this title, *the court shall dismiss* the case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable. (emphasis added).

Section 1307(c) provides:

> Except as provided in subsection (e) of this section, on request of a party in interest or the United States Trustee, and after notice and a hearing, *the court may convert* a case under this Chapter to a case under Chapter 7 of this title, *or may dismiss a case under this chapter*, whichever is in the best interest of creditors and the estate, for cause....[1] (emphasis added).

---

[1] While bad faith is not one of the enumerated factors for conversion for "cause" under § 1307(c), the Ninth Circuit has found that bad faith or abuse of the bankruptcy system is grounds for conversion. See In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999); In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994); In re Ho, 274 B.R. 867, 877 (Bankr. 9th Cir. 2002).

1  In addressing this issue below, the Bankruptcy Court relied on In re Beaty, 162 B.R.
2  853, 857 (Bankr. 9th Cir. 1994) and In re Croston, 313 B.R. 447, 451 (Bankr. 9th Cir. 2004)
3  and found that "[t]he better reasoned view is that a court must dismiss a Chapter 13 case,
4  upon Debtor's request, if that request is made prior to the effective time of an order
5  converting the case to Chapter 7.  This view comports with the plain language of § 1307(b)
6  and the voluntary nature of that chapter."  (Bkrptcy Order dated 12/14/2004, ¶ 13).

7  The Glen Creditors contend, however, that neither of these cases nor any panel or
8  district court within the Ninth Circuit has addressed the precise issue before the Court,
9  namely whether a debtor's right to dismiss under Section 1307(b) is absolute even in the face
10  of a finding that the debtor acted in bad faith.  The Glen Creditors, therefore, urge this Court
11  to adopt the position taken by the Eighth Circuit and other various bankruptcy and district
12  courts from around the country.[2]

13  The Court will first address the Glen Creditor's contention that the Bankruptcy Court
14  erred in relying on Croston and Beaty before addressing its invitation to rely on precedent
15  from circuits other than the Ninth.  The Glen Creditors correctly point out that there were no
16  allegations of bad faith in Beaty and that there, the debtor's offense was the failure to timely
17  file an amended plan.  Beaty, 162 B.R. at 854.  The Court, however, finds that these factual
18  distinctions are not entitled to the significance afforded them by the Glen Creditors
19  especially considering the fact that the Ninth Circuit specifically acknowledged that "courts
20  are divided on the issue of whether a bankruptcy court has discretion to grant a pending
21  motion to convert a case for cause when the debtor has filed a request for voluntary
22  dismissal under section 1307(b)" before concluding that "better reasoned view is that a court
23  *must* dismiss the case upon a debtor's request for dismissal under section 1307(b)...."  Id. at
24  857.  (emphasis added).  The Ninth Circuit has also stated: "[t]his view comports with the

---

[2] The Glen Creditors urge the Court to follow: In re Molitor, 76 F.3d 218 (8th Cir. 1996); In re Graven, 936 F.3d 378 (8th Cir. 1991); In re Johnson, 228 B.R. 663 (B.C.N.D. Ill. 1999); In re Fonke, 310 B.R. 809 (B.C.S.D. Tx. 2004); and In re Gaudet, 132 B.R. 670 (D.R.I. 1991).

- 4 -

1 plain language of section 1307(c) [sic]³ which states the court 'shall' dismiss the case upon
2 the debtor's request as well as the purposes of Chapter 13 and the voluntary nature of relief
3 under that Chapter." Id. at 857.  In reaching this conclusion, the Ninth Circuit specifically
4 considered and rejected the rationale of both In re Gaudet, 132 B.R. 670 (D.R.I. 1991) and
5 In re Graven 936 F.2d 378 (8th Cir. 1991)⁴, two cases that the Glen Creditors cite to support
6 their position that a finding of bad faith negates a debtor's absolute right of dismissal under
7 Section 1307(b).  Beaty, 162 B.R. at 857.

8    The Glen Creditors likewise argue that Croston is factually distinguishable because in
9 that case the Ninth Circuit addressed the issue of whether a debtor's right to convert a
10 pending Chapter 7 proceeding to case under Chapter 13 was absolute.  While the Glen
11 Creditors again correctly point out that Croston addressed the exact opposite conversion as
12 the one presented here, they again fail to address the fact the Ninth Circuit emphatically
13 reaffirmed its holding in Beaty and stated: "In *Beaty*, we described a split of authority in
14 which some courts reason that Congress could not have meant for *bad actors* to have
15 unfettered power to dismiss the case but concluded: [t]he better reasoned view is that a court
16 *must dismiss* the case upon the debtor's request for dismissal under section 1307(b)...."
17 Croston, 313 B.R. 451 (citing Beaty, 162 B.R. at 857) (emphasis added).  The Ninth Circuit
18 went on to hold that "*Beaty* compels us to conclude that the §706(a) right to convert to
19 chapter 13 is effectively absolute in the same manner as the corollary dismissal under §
20 1307(b).  Morever, *we continue to think Beatty was correctly decided*. Id. (emphasis
21 added).  See also In re Nash, 765 F.2d 1410, 1413 (9th Cir. 1985) (stating in dicta that
22 section 1307(b) gives the debtor an absolute right to dismiss a Chapter 13 petition).

---

   ³ It is clear that Ninth Circuit was referring to section 1307(b) as section 1307(c) does not contain the word "shall."

   ⁴ In re Graven was the Eighth Circuit's starting point for In re Molitor, both of which are cases upon which the Glen Creditors place great reliance.

- 5 -

While the Glen Creditors are correct in asserting that the Ninth Circuit has not addressed the exact situation presented by this case (specifically the interplay between Section 1307(b) and Section 1307(c) where there are allegations of bad faith), the Court finds that the Ninth Circuit has clearly stated, albeit in dicta or in cases brought under different sections of the Bankruptcy Code, that it interprets section 1307(b) to provide an absolute right of dismissal if such a motion is timely.  Accordingly, this Court, like the Bankruptcy Court below, chooses not to adopt precedent from other jurisdictions, especially where the Ninth Circuit has specifically considered and rejected the rationale contained in some of the exact cases upon which the Glen Creditors rely.[5]   Thus, the Court finds that the Bankruptcy Court correctly found that the Debtor had the right to voluntarily dismiss his Chapter 13 proceeding.[6]

**II. Propriety of Amendment to Order**

The Debtor contends that Bankruptcy Court improperly amended its Order dated December 14, 2004 (the "Original Order") in an Order dated February 15, 2005 (the "Amendment Order") to include the following language:  "Any dismissal of this Chapter 13 proceeding shall be with prejudice, and the Debtor is prohibited from filing any other bankruptcy proceeding for a period of 180 days, which shall commence to run from the date any dismissal order is entered." (Bkrtcy Order dated 2/15/2005, ¶ 2).  Specifically, the Debtor argues that the Amended Order was: 1) procedurally improper under Rule 59(e) because the Bankruptcy Court did not make an explicit finding that it had committed

---

[5] For purposes of illustrating that there is not a consensus among the other circuits as to this issue, the Court notes that the Second Circuit has concluded that the language of Section 1307(b) is "mandatory" In re Barbieri, 199 F.3d 616, 619 (2nd Cir. 1999); see also 8 Collier on Bankruptcy, 15th Ed. rs'd., ¶1307.3, pp. 1307.7 (stating "[a]lthough some courts have held to the contrary and granted motions to convert a case notwithstanding a debtor's motion to dismiss in cases in which the court has found abuse, such decisions fly in the face of the plain language of the statute.").

[6] While the Court recognizes that the Ninth Circuit may in fact address the precise issue presented by this case in the future and reach a different conclusion regarding the interplay between Section 1307(b) and a finding of bad faith, unfortunately such guidance is not currently available to this Court.

- 6 -

1 manifest error and 2) legally improper because dismissal with prejudice is a harsh remedy
2 that is not warranted in the instant case.

3 As a preliminary matter, the Court finds that at this stage, the only issues properly
4 before it are whether the Debtor may voluntarily dismiss his appeal and "if so, the terms of
5 the dismissal" as stated in this Court's Order dated September 12, 2005.  Accordingly, the
6 Court will not address the Debtor's contention that the Bankruptcy Court improperly
7 dismissed the case with prejudice because its finding of bad faith was not supported by the
8 record.  Rather, the Court will only address whether the Bankruptcy Court could properly
9 amend its Original Order to mandate that any dismissal would be a dismissal with prejudice
10 as a matter of law.

11 The Bankruptcy Court's decision to grant the Glen Creditor's Motion for
12 Reconsideration under Rule 59(e) is reviewed for abuse of discretion.  <u>Kona Enter., Inc. v.</u>
13 <u>Estate of Bishop</u>, 229 F.3d 877, 883 (9th 2000) (citing <u>398 Orange St. Partners v. Arnold</u>,
14 179 F.3d 656, 661 (9th Cir. 1999)).

15 The Ninth Circuit has cautioned that a Rule 59(e) motion "should not be granted,
16 absent highly unusual circumstances, unless the District Court is presented newly
17 discovered evidence, committed legal error, or if there is an intervening change in
18 controlling law."  <u>389 Orange St.</u>, 179 F.3d at 665.

19

20 In its Original Order, the Bankruptcy Court failed to specify whether the voluntary
21 dismissal would be with or without prejudice.  At the urging of the Glen Creditors, the
22 Bankruptcy Court subsequently clarified its Original Order and stated that any dismissal
23 would be with prejudice for "the reasons set forth on the record at the hearing held in this
24 matter on February 9, 2005."  (Bkrtcy Order dated 2/15/2005, ¶ 2).  While the Bankruptcy
25 Court did not expressly state that it committed clear error, it is clear that the Bankruptcy
26 Court found that the failure to specify that any dismissal shall be with prejudice was an error
27 and therefore granted the Glen Creditor's motion in part.  Accordingly, this Court finds that
28 the Bankruptcy Court's actions were procedurally proper under Rule 59(e).

The Debtor also contends that the Bankruptcy Court should not have conditioned its right to voluntary dismiss the action because such an action is a harsh remedy reserved for extraordinary circumstances.

It is undisputed that the bankruptcy statutes contemplate dismissal with prejudice as evidenced by the following excerpt of 11 U.S.C. § 349(a):

> Unless the Court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in § 109(g) of this title.

The Ninth Circuit has held that the phrase "[u]nless the court, for cause, orders otherwise" authorizes the bankruptcy court to dismiss the case with prejudice and has held that bad faith is "cause" for dismissal under §1307(c). In re Leavitt, 171 F.3d at 1223-24. Additionally, a Bankruptcy Court from the District of Idaho has held that a Court can condition dismissal under Section 349(a) even where the debtor "elects to use the absolute right to voluntary dismiss a chapter 13 case." In re Wyatt, 317 B.R. 159, 162-63 (Bkrtcy. D.Idaho 2004). While the Court recognizes that this case is not binding authority, the Court finds this opinion instructive. Accordingly, the Court finds that the Bankruptcy Court could properly condition dismissal upon a showing of bad faith.

While the propriety of the Bankruptcy Court's finding of bad faith is not before the Court, it is undisputed that the Bankruptcy Court made such a finding in the Original Order. Specifically, the Bankruptcy court found:

> 1) ...this is a bad faith valuation by probably the most knowledgeable person of this closely held, privately traded stock's value." (Bkrtcy. Order dated December 14, 2004, ¶ 9)
>
> 2) ...debtor present no credible evidence that it has zero value or that this valuation was made in good faith.' (Id.)
>
> 3) After considering the totality of the circumstances and in light of all militating factors, the court concludes that debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, filed his petition in an inequitable manner, with a principal purpose of defeating state court litigation and failed to carry his burden of proving his petition was filed in good faith. (Id. at ¶11)

Thus, the Court finds that the Bankruptcy Court did not abuse its discretion by granting, in part, the Glen Creditors' Motion to Amend and amending the Order to state that any dismissal shall be made with prejudice.

## CONCLUSION

The Court finds that the Court finds that the Bankruptcy Court correctly found that the Debtor had the right to voluntarily dismiss has Chapter 13 proceeding and affirms the Bankruptcy Court's Order dated February 15, 2005 granting, in part, the Glen Creditors' Motion to Amend.

Accordingly,

**IT IS THEREFORE ORDERED** that the Bankruptcy Court's determination that the Debtor may voluntarily dismiss the case is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Order dated February 15, 2005 which partially granted the Glen Creditors' Motion to Amend is **AFFIRMED**.

**IT IS FURTHER ORDERED** the Glen Creditor's Motion to Convert this case will be granted unless the Debtor shall voluntarily dismiss this case within **10** days of the entry of this Order.

DATED this 3rd day of March, 2006.

Stephen M. McNamee
Chief United States District Judge